DECISION
{¶ 1} Appellant, Anitas Lounge, Inc., appeals from a judgment of the Franklin County Court of Common Pleas, affirming the order of appellee, Ohio Liquor Control Commission ("the commission"). The commission's order dismissed appellant's appeal from an order of the Department of Commerce, Division of Liquor Control ("the division") refusing appellant's application for renewal of its liquor permit. For the reasons that follow, we affirm.
 {¶ 2} Appellant was originally issued a D5 liquor permit in 1998. While appellant's 2000-2001 renewal application was pending, the division received a notice from the Ohio Tax Commissioner indicating that appellant was delinquent in filing a sales or withholding tax return or was liable for outstanding sales or withholding tax, penalties or interest, or had been assessed for unpaid taxes. Accordingly, on January 25, 2001, the division mailed to appellant a tax non-renewal notice. Therein, the division notified appellant that its liquor permit would expire on February 1, 2001. The notice further stated that, pursuant to R.C. 4303.271, appellant's liquor permit would not be renewed until the division received notification from the tax commissioner that the tax delinquency, liability or assessment had been resolved. The notice also contained notification that any appeal from the January 25, 2001 order must be filed by May 3, 2001. The final sentence of the order expressly notes, "[i]f a notice of appeal is not filed by May 3, 2001, this order will become final, and your permit will be canceled." Appellant did not appeal the order. The tax issues subject of the division's order were not resolved prior to February 1, 2001. On June 7, 2001, the division canceled appellant's liquor permit.
 {¶ 3} Appellant applied for a 2002-2003 renewal for its liquor permit. By letter dated April 5, 2002, the division returned appellant's renewal application and check, noting that the permit had been canceled on June 7, 2001. Appellant filed a notice of appeal with the commission, which stated appellant was appealing the division's "order" (the April 5, 2002 letter). Pursuant to Ohio Adm. Code 4301:1-1-65, the commission immediately set the matter for hearing.
 {¶ 4} The division filed a motion to dismiss, arguing that appellant's attempt to appeal the division's decision not to renew appellant's liquor permit came too late. The division argued that any appeal was required to be filed by May 3, 2001. Because appellant waited until April 23, 2002 to appeal, the division argued, the appeal should be dismissed as untimely. Appellant did not oppose the motion to dismiss, which was subsequently granted. At the hearing, the commission refused to take evidence or hear argument with respect to the merits of the appeal, because it had earlier granted the division's motion to dismiss. Appellant appealed the commission's dismissal, and the court of common pleas affirmed.
 {¶ 5} The court of common pleas found that the division was prohibited from renewing appellant's liquor permit, due to appellant's unresolved tax issues, and as such, the permit expired on February 1, 2001. The court noted that, pursuant to R.C. 4303.271(D)(2)(b)(i), appellant could have appealed the tax non-renewal order, but had only until May 1, 2001 to exercise this right. Because appellant failed to do so, the court found, when appellant finally brought the issue before the commission — nearly one year later — the commission no longer had jurisdiction over it. Thus, the court found, the appeal was properly dismissed.
 {¶ 6} Under R.C. 119.12, when the trial court reviews an order of an administrative agency, the trial court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 110-111. See, also, Andrews v. Bd. of LiquorControl (1955), 164 Ohio St. 275, 280. An appellate court's review of an administrative decision is more limited than that of a trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, rehearing denied, 67 Ohio St.3d 1439. "* * * Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Id.
 {¶ 7} Appellant asserts two assignments of error for our review, as follows:
Assignment of Error No. 1
The Common Pleas Court erred by failing to find that the Liquor Control Commission erred and/or abused its discretion to the prejudice of Appellant in dismissing Appellant's appeal thereby failing to find that the Division of Liquor Control can only non renew a liquor permit pursuant to ORC 4303.271 until the Division is notified by the tax commissioner that the delinquency, liability, or assessment has been resolved and cannot unilaterally cancel or not renew permits permanently pursuant to said section.
Assignment of Error No. 2
The Court of Common Pleas erred and/or abused its discretion by failing to find that the Liquor Commission abused its discretion and erred to the prejudice of the Appellant by dismissing Appellant's Appeal as the dismissal decision of the Liquor Commission was not based upon or supported by substantial, reliable and probative evidence.
 {¶ 8} In support of its first assignment of error, appellant argues that R.C. 4303.271 does not permit the division to cancel a liquor permit after receiving a delinquency notice from the tax commissioner. Rather, appellant urges, the division must hold the renewal application indefinitely until it receives notification from the tax commissioner that the outstanding tax issues have been resolved. Appellant apparently argues that this is so notwithstanding whether the permit holder avails itself of the right to appeal the tax non-renewal notice.
 {¶ 9} R.C. 4303.271 provides, in pertinent part:
(A) Except as provided in divisions (B) and (D) of thissection, the holder of a permit issued under sections 4303.02 to4303.23 of the Revised Code, who files an application for the renewal of the same class of permit for the same premises, shall be entitled to the renewal of the permit. The division of liquor control shall renew the permit unless the division rejects for good cause any renewal application, subject to the right of the applicant to appeal the rejection to the liquor control commission.
* * *
(C) An application for renewal of a permit shall be filed withthe division at least fifteen days prior to the expiration of anexisting permit and the existing permit shall continue in effect as provided in section 119.06 of the Revised Code until the application is approved or rejected by the division. Any holderof a permit, which has expired through failure to be renewed asprovided in this section, shall obtain a renewal of the permit,upon filing an application for renewal with the division, at anytime within thirty days from the date of the expired permit. A penalty of ten per cent of the permit fee shall be paid by the permit holder if the application for renewal is not filed at least fifteen days prior to the expiration of the permit.
(D)(1) Annually, beginning in 1988, the tax commissioner shall cause the sales and withholding tax records in the department of taxation for each holder of a permit issued under sections4303.02 to 4303.23 of the Revised Code to be examined to determine if the permit holder is delinquent in filing any sales or withholding tax returns or has any outstanding liability for sales or withholding tax, penalties, or interest imposed pursuant to Chapter 5739. or sections 5747.06 and 5747.07 of the Revised Code. If any delinquency or liability exists, the commissioner shall send a notice of that fact by certified mail, return receipt requested, to the permit holder at the mailing address shown in the records of the department. The notice shall specify, in as much detail as is possible, the periods for which returns have not been filed and the nature and amount of unpaid assessments and other liabilities and shall be sent on or before the first day of the third month preceding the month in which the permit expires. The commissioner also shall notify the division of liquor control of the delinquency or liability, identifying the permit holder by name and permit number.
(2)(a) Except as provided in division (D)(4) of this section,the division of liquor control shall not renew the permit of anypermit holder the tax commissioner has identified as beingdelinquent in filing any sales or withholding tax returns or as being liable for outstanding sales or withholding tax, penalties, or interest as of the first day of the sixth month preceding the month in which the permit expires, or of any permit holder the commissioner has identified as having been assessed by the department on or before the first day of the third month preceding the month in which the permit expires, until the division is notified by the tax commissioner that the delinquency, liability, or assessment has been resolved.
(b)(i) Within ninety days after the date on which the permitexpires, any permit holder whose permit is not renewed under thisdivision may file an appeal with the liquor control commission.
The commission shall notify the tax commissioner regarding the filing of any such appeal. During the period in which the appeal is pending, the permit shall not be renewed by the division. The permit shall be reinstated if the permit holder and the tax commissioner or the attorney general demonstrate to the liquor control commission that the commissioner's notification of a delinquency or assessment was in error or that the issue of the delinquency or assessment has been resolved.
(Emphasis added.)
 {¶ 10} By the plain language of R.C. 4303.271, a liquor permit must be renewed, at the very latest, within 30 days of the expiration of the prior year's permit, and the division is prohibited from renewing a permit subject to a tax non-renewal notice. There is no exception to the requirement that liquor permits be renewed annually. Equus I, Inc. v. Liquor ControlComm. (Dec. 6, 2001), Franklin App. No. 01AP-542. A permit holder whose permit is the subject of a tax non-renewal notice may preserve the commission's jurisdiction over the division's non-renewal based on such a notice by filing an appeal of the tax non-renewal notice within the 90-day period prescribed in R.C.4303.271(D)(2)(b)(i). Unfortunately, appellant herein failed to do so. Accordingly, the commission lost jurisdiction over the non-renewal of appellant's liquor permit.
 {¶ 11} Appellant argues the statute does not confer upon the division the power to cancel permits based on unresolved tax delinquencies. On the contrary, the language of the statute plainly dictates that permits whose renewal is prevented from going forward due to a tax non-renewal notice lapse by operation of law — specifically, by operation of R.C. 4303.271(C), which prescribes time limitations containing no exceptions. Contrary to appellant's contention, the statute does not confer upon the division the power to hold permits subject of tax non-renewal notices indefinitely for the benefit of delinquent permit holders who choose not to avail themselves of the appropriate appeal process.
 {¶ 12} For the foregoing reasons, we find the court of common pleas did not abuse its discretion in affirming the commission's order of dismissal. Appellant's first assignment of error is overruled.
 {¶ 13} In its second assignment of error, appellant contends the commission deprived appellant of its right to due process of law when, after the commission had already dismissed appellant's appeal, it refused to allow appellant to present argument or evidence going to the merits thereof. Appellant urges that, because no evidence was taken at the hearing before the commission, the order of dismissal is not supported by reliable, probative and substantial evidence.
 {¶ 14} The record reflects, and appellant does not dispute, that appellant was served with a copy of the division's motion to dismiss, and appellant never responded to same. Appellant has not identified the particular due process right or rights of which it feels deprived. Upon a review of the record, nor can we. Additionally, the commission's own record of the proceedings before it constituted reliable, probative and substantial evidence supporting the commission's conclusion that it lacked jurisdiction over appellant's appeal. Appellant's second assignment of error is not well taken and the same is overruled.
 {¶ 15} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Watson, JJ., concur.