DECISION
{¶ 1} Appellant, John A. Krafcik d.b.a. Johnny K's, appeals from a judgment of the Franklin County Court of Common Pleas, affirming the order of appellee, Ohio Liquor Control Commission ("commission"), that affirmed an order of the Ohio Department of Commerce, Division of Liquor Control ("division"), denying the renewal of appellant's liquor permit.
 {¶ 2} In 2002, the division issued an order denying the renewal of appellant's liquor permit for failure to file state sales tax returns and/or to pay taxes. Appellant appealed to the commission, which conducted a hearing on February 12, 2003. The commission subsequently issued an order affirming the division's order.
 {¶ 3} Appellant filed an appeal with the trial court, pursuant to R.C. 119.12, from the order of the commission. On July 1, 2003, the commission filed a motion for "judgment on the record," asserting that appellant had failed to prosecute the appeal. On September 30, 2003, the trial court issued a decision, affirming the order of the commission and granting the commission's motion for "judgment on the record."
 {¶ 4} On appeal, appellant sets forth the following assignment of error for review:
The order of the Liquor Control Commission was not supported by reliable, probative and substantial evidence and was not in accordance with law.
 {¶ 5} In Dave's Drive Thru, Inc. v. Ohio Liquor ControlComm., Franklin App. No. 03AP-136, 2003-Ohio-4514, at ¶ 5-6, this court noted the applicable standards of review for a trial court and an appellate court in reviewing an administrative appeal under R.C. 119.12, stating in relevant part:
In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. In performing this review, the court of common pleas may consider the credibility of the witnesses as well as the weight and probative character of the evidence. To a limited extent, the standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency; however, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 407 N.E.2d 1265.
On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, the court of appeals does not determine the weight of the evidence. In reviewing the decision of the court of common pleas, as to whether an agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's role is limited to determining whether or not the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985),27 Ohio App.3d 214, 500 N.E.2d 362. An abuse of discretion implies the decision is both without a reasonable basis and is clearly wrong. Angelkovski v. Buckeye Potato Chips Co.
(1983), 11 Ohio App.3d 159, 463 N.E.2d 1280. This standard of review is limited to issues such as the weight of the evidence and credibility of the witnesses as to which the court of common pleas has some limited discretion to exercise. On questions of law, the court of common pleas does not exercise discretion and the court of appeals' review is plenary. Univ. Hosp.,Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, 587 N.E.2d 835.
 {¶ 6} On appeal, appellant asserts that, despite alleged tax delinquencies dating back to 1997, his liquor permit was renewed each and every year until 2002-2003. Appellant concludes, therefore, that, even if he was delinquent, the division failed to support its non-renewal order with reliable, probative and substantial evidence. We note, however, that appellant never raised this argument before the trial court but, instead, "effectively abandoned [his] appeal by failing to file a brief or otherwise appear." Kimberly Entertainment Corp. v. LiquorControl Comm. (Nov. 26, 1996), Franklin App. No. 96APE05-581. A party waives the right to appeal an issue that was in existence prior to or at the time of trial if such party failed to raise the issue at the appropriate time in the trial court. Id. Accordingly, the sole issue this court will consider on appeal is whether the trial court abused its discretion in affirming the order of the commission.
 {¶ 7} As noted under the facts, in 2002, the Ohio Department of Taxation notified appellant of a failure to comply with sales tax filing requirements and/or failure to pay all outstanding sales/withholding liabilities. R.C. 4303.271(D)(2)(a) provides:
Except as provided in division (D)(4) of this section, the division of liquor control shall not renew the permit of any permit holder the tax commissioner has identified as being delinquent in filing any sales or withholding tax returns or as being liable for outstanding sales or withholding tax, penalties, or interest as of the first day of the sixth month preceding the month in which the permit expires, or of any permit holder the commissioner has identified as having been assessed by the department on or before the first day of the third month preceding the month in which the permit expires, until the division is notified by the tax commissioner that the delinquency, liability, or assessment has been resolved.
 {¶ 8} In its decision affirming the order of the commission, the trial court noted the following evidence adduced at the hearing before the commission:
During the administrative hearing, Diane Skunza, Coordinator of Liquor Group from the Ohio Department of Taxation testified that Appellant had delinquent tax returns from February of 1997 through March of 2002 and from May of 2002 through August of 2002. Appellant presented copies of returns for August of 2002, September of 2002, and January 2003. However, Appellant did not present any cancelled checks. Appellant claimed that he sent returns for February of 1997 to May of 2002 to the treasurer's office. The evidence revealed that those returns have not been received by the treasurer's office. Appellant received multiple notifications regarding the delinquent tax returns; but he has failed to cure the delinquency. Appellant has over five years worth of delinquent tax returns.
 {¶ 9} Upon review of the record, we conclude that the trial court did not abuse its discretion in finding that the order of the commission was supported by reliable, probative and substantial evidence and was in accordance with law. As indicated above, Diane Skunza, an employee with the Ohio Department of Taxation, testified that the permit holder had delinquent returns spanning approximately a five-year period. At the hearing, this witness identified a letter prepared by the Ohio Department of Taxation and mailed to the commission, informing it that the permit holder had failed to comply with "the Sales/Withholding Tax Filing Requirements and/or" had failed to pay or arrange to pay "all outstanding Sales/Withholding liabilities" for the periods of February 1997 through March 2002, and May 2002 through August 2002. Skunza testified that appellant had been sent written notification of the deficiencies on June 23, 2002, and that an employee of the Ohio Department of Taxation had contacted appellant, per telephone, on at least two occasions regarding the matter. As noted by the trial court, while appellant brought purported copies of returns for August and September 2002, and January 2003, he did not support those documents with cancelled checks. Further, appellant acknowledged that he did not bring to the hearing any copies of returns covering the period of February 1997 through March 2002.
 {¶ 10} In light of the testimony by the representative of the Ohio Department of Taxation, as well as the admission of supporting documentary evidence regarding the permit holder's delinquencies, the commission was not required to accept appellant's self-serving and uncorroborated testimony that he had filed the requisite tax returns. Rather, there was reliable, probative and substantial evidence to support the commission's order, and the trial court did not abuse its discretion in affirming that order.
 {¶ 11} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Lazarus, P.J., and Petree, J., concur.