OPINION
{¶ 1} Appellant, John J. Mathews, appeals from the December 12, 2003 judgment entry of the Franklin County Court of Common Pleas, finding appellee, Ohio State Liquor Control Commission's ("Commission") order to deny the renewal of appellant's liquor license was supported by reliable, probative, and substantial evidence and was in accordance with law. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The substantive facts in this case are not in dispute. Appellant held D1, D3, D3A, and D6 liquor permits for Pastabilities on 1648 E. Dublin Granville Road, Columbus, Ohio. On June 20, 2000, appellant filed an application for safekeeping of his liquor permits because his business financially failed and his lease and tenancy rights were lost. On July 11, 2000, the Division of Liquor Control ("Division") granted appellant's application placing his permits in safekeeping effective January 1, 2000 to February 1, 2001. Appellant, by complying with the procedures of R.C. 4303.271, was required to file a renewal application for his permits while they were in safekeeping.
 {¶ 3} On February 8, 2001, appellant was notified by letter from the superintendent of the Division that his 2000-2001 renewal application had not been received and, as a result, his permits expired at midnight February 1, 2001. Appellant had until March 5, 2001 to submit his renewal application, a fee, and a 10 percent penalty fee to avoid automatic cancellation of his permits. Appellant had the right to appeal the permit cancellation 30 days after the automatic cancellation, on or before April 5, 2001.
 {¶ 4} In early March 2001, appellant requested a duplicate 2000-2001 renewal application. On March 5, 2001, the Division faxed a duplicate renewal application to appellant. Appellant never submitted the 2000-2001 renewal application.
 {¶ 5} On March 6, 2001, appellant was notified that his 2000-2001 permit would not be renewed due to a tax delinquency. Appellant had a right to appeal by May 3, 2001 and if the appeal was not filed by that date, the March 6, 2001 order would become final and his permit would be cancelled. Appellant did not appeal the March 6, 2001 order, therefore, the Division cancelled appellant's liquor license on June 7, 2001.
 {¶ 6} On March 4, 2002, appellant submitted a 2002-2003 renewal application along with a check in the amount of $1,966.80 for renewal fees and a 10 percent late charge. On April 5, 2002, the Division notified appellant that it was returning his 2002-2003 renewal application along with the check for $1,966.80, as his license was cancelled on June 7, 2001. On April 23, 2002, appellant filed an appeal from the April 5 Division letter rejecting appellant's 2002-2003 renewal application of his liquor permits.
 {¶ 7} The matter was set for a hearing before the Commission on September 25, 2002. At the hearing, the Department of Liquor Control ("Department") made an oral motion to dismiss pursuant toAnitas Lounge, Inc. v. Ohio Liquor Control Commission, Franklin App. No. 03AP-822, 2004-Ohio-932. In an order dated October 10, 2002, the Commission dismissed the appeal for lack of jurisdiction.
 {¶ 8} On October 28, 2002, appellant appealed the order of the Commission, arguing that the order was not supported by reliable, probative and substantial evidence and was not in accordance with law. Appellant maintained that the Department did not have the authority to revoke or cancel his permits upon his failure to pay sales and withholding taxes.
 {¶ 9} The trial court found that R.C. 4303.271(D)(2)(a) gives the Commission authority to refuse to renew a permit if there are outstanding taxes due. R.C. 4303.271(D)(2)(b)(i) provides for an appeal within 90 days after the date the permit expires. If no timely renewal is made and no appeal is filed, then the permit is lost. The trial court affirmed the order of the Commission finding that the Commission was correct in determining that it lacked jurisdiction to consider appellant's appeal. Therefore, the trial court concluded the order of the Commission was supported by reliable, probative and substantial evidence and was in accordance with law. It is from this judgment entry that appellant appeals, assigning the following as error:
ASSIGNMENT OF ERROR NO. 1
The Common Pleas Court erred by failing to find that the Liquor Control Commission erred and/or abused its discretion to the prejudice of Appellant in dismissing Appellant's appeal for lack of jurisdiction thereby failing to fully hear Appellant's Appeal and to consider the issue of whether the Division of Liquor Control can only delay renewal of a liquor permit pursuant to ORC4303.271 until the Division is notified by the tax commissioner that the delinquency, liability, or assessment has been resolved or whether the Division can unilaterally cancel or not renew permits permanently pursuant to said section.
ASSIGNMENT OF ERROR NO. 2
The Court of Common Pleas erred and/or abused its discretion by failing to find that the Liquor Commission abused its discretion and erred to the prejudice of the Appellant by dismissing Appellant's Appeal for lack of jurisdiction as the dismissal of the Liquor Commission was not based upon or supported by substantial, reliable and probative evidence.
 {¶ 10} In this case, appellant has raised similar arguments to those recently addressed by this court in Anitas Lounge,
supra. In his first assignment of error, appellant contends that R.C. 4303.271 does not empower the Division to cancel liquor permits after receiving delinquency notices from the Tax Commissioner. As argued by the appellant in Anitas Lounge,
appellant here also maintains that the Division must, in essence, hold the renewal application for an indefinite period of time until it receives notification from the Tax Commissioner that the outstanding tax issues have been resolved.
 {¶ 11} The role of the trial court in an appeal from a decision of an administrative agency is to determine whether the agency's decision is supported by a preponderance of substantial, reliable, and probative evidence. R.C. 119.12; Our Place, Inc.v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570. Normally, when a court of appeals reviews the decision of the trial court, a court of appeals must determine whether the trial court abused its discretion as to issues of fact. However, it conducts a de novo review on issues of law. Univ. Hosp. Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, paragraph one of the syllabus. A de novo review means an appellate court must independently review the record without giving deference to the trial court's decision. See Brown v. Cty. Commrs. of Scioto Cty. (1993),87 Ohio App.3d 704, 711.
 {¶ 12} The issue involved in the instant case is a question of statutory interpretation of R.C. 4303.271, which provides in part:
(A) Except as provided in divisions (B) and (D) of this section, the holder of a permit issued under sections 4303.02 to4303.23 of the Revised Code, who files an application for the renewal of the same class of permit for the same premises, shall be entitled to the renewal of the permit. The division of liquor control shall renew the permit unless the division rejects for good cause any renewal application, subject to the right of the applicant to appeal the rejection to the liquor control commission.
* * *
(C) An application for renewal of a permit shall be filed withthe division at least fifteen days prior to the expiration of anexisting permit and the existing permit shall continue in effect as provided in section 119.06 of the Revised Code until the application is approved or rejected by the division. Any holderof a permit, which has expired through failure to be renewed asprovided in this section, shall obtain a renewal of the permit,upon filing an application for renewal with the division, at anytime within thirty days from the date of the expired permit. A penalty of ten per cent of the permit fee shall be paid by the permit holder if the application for renewal is not filed at least fifteen days prior to the expiration of the permit.
(D)(1) Annually, beginning in 1988, the tax commissioner shall cause the sales and withholding tax records in the department of taxation for each holder of a permit issued under sections4303.02 to 4303.23 of the Revised Code to be examined to determine if the permit holder is delinquent in filing any sales or withholding tax returns or has any outstanding liability for sales or withholding tax, penalties, or interest imposed pursuant to Chapter 5739. or sections 5747.06 and 5747.07 of the Revised Code. If any delinquency or liability exists, the commissioner shall send a notice of that fact by certified mail, return receipt requested, to the permit holder at the mailing address shown in the records of the department. The notice shall specify, in as much detail as is possible, the periods for which returns have not been filed and the nature and amount of unpaid assessments and other liabilities and shall be sent on or before the first day of the third month preceding the month in which the permit expires. The commissioner also shall notify the division of liquor control of the delinquency or liability, identifying the permit holder by name and permit number.
(2)(a) Except as provided in division (D)(4) of this section,the division of liquor control shall not renew the permit of anypermit holder the tax commissioner has identified as beingdelinquent in filing any sales or withholding tax returns or as being liable for outstanding sales or withholding tax, penalties, or interest as of the first day of the sixth month preceding the month in which the permit expires, or of any permit holder the commissioner has identified as having been assessed by the department on or before the first day of the third month preceding the month in which the permit expires, until the division is notified by the tax commissioner that the delinquency, liability, or assessment has been resolved.
(b)(i) Within ninety days after the date on which the permitexpires, any permit holder whose permit is not renewed under thisdivision may file an appeal with the liquor control commission.
The commission shall notify the tax commissioner regarding the filing of any such appeal. During the period in which the appeal is pending, the permit shall not be renewed by the division. The permit shall be reinstated if the permit holder and the tax commissioner or the attorney general demonstrate to the liquor control commission that the commissioner's notification of a delinquency or assessment was in error or that the issue of the delinquency or assessment has been resolved.
(Emphasis added.)
 {¶ 13} As prescribed by the plain language of R.C. 4303.271, a liquor permit must be renewed no later than 30 days of the expiration of the prior year's permit, and the Division is prohibited from renewing a permit subject to a tax non-renewal notice. There is no exception to the requirement that liquor permits be renewed annually. Equus I, Inc. v. Liquor ControlComm. (Dec. 6, 2001), Franklin App. No. 01AP-542. A permit holder whose permit is the subject of a tax non-renewal notice may preserve the Commission's jurisdiction over the Division's non-renewal by filing an appeal of the tax non-renewal notice within the 90-day period prescribed in R.C. 4303.271(D)(2)(b)(i). Unfortunately, in this case, appellant failed to do so. As this court held in Anitas Lounge, at ¶ 11:
* * * [T]he language of the statute plainly dictates that permits whose renewal is prevented from going forward due to a tax non-renewal notice lapse by operation of law — specifically, by operation of R.C. 4303.271(C), which prescribes time limitations containing no exceptions. Contrary to appellant's contention, the statute does not confer upon the Division the power to hold permits subject of tax non-renewal notices indefinitely for the benefit of delinquent permit holders who choose not to avail themselves of the appropriate appeal process.
 {¶ 14} Because of appellant's failure to perfect an appeal within 90 days after his permits expired, we determine, after undertaking a de novo review, that the Commission lost jurisdiction over the non-renewal of appellant's liquor permit.
 {¶ 15} Furthermore, appellant argues the statute does not confer upon the Division or the Commission the express or implied power to cancel permits based on unresolved tax delinquencies. Appellant maintains that R.C. 4303.271 empowers only the Tax Commissioner, and no other agencies, the authority to take action. R.C. 4303.271 (D)(2)(a) expressly provides that, "* * * the division of liquor control shall not renew the permit of any permit holder the tax commissioner has identified as being delinquent * * *." Appellant's argument is unpersuasive. For the foregoing reasons, we find the trial court did not err in affirming the Commission's order of dismissal. Accordingly, appellant's first assignment of error lacks merit.
 {¶ 16} In his second assignment of error, appellant contends the Commission deprived him of his due process rights when, after the Commission had already dismissed appellant's appeal, it refused to allow appellant or his counsel to present arguments or evidence on the substantive issues of the appeal. While appellant has identified his due process rights, the right to present evidence and the right to have a meaningful hearing, appellant has failed to identify for this court what evidence he wanted to present at the Commission hearing. However, because appellant failed to timely appeal, the Commission lacked jurisdiction over appellant's appeal. As such, appellant's constitutional rights were not violated and his second assignment of error is not well-taken.
 {¶ 17} In accordance with Ohio statutory law, appellant failed to timely appeal, thereby the trial court did not err in finding that the Commission was correct in finding that it lacked jurisdiction to consider appellant's appeal. For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and Sadler, JJ., concur.