OPINION
{¶ 1} Appellant-appellant, J H Willco, Inc. ("Willco"), appeals from the judgment of the Franklin County Court of Common Pleas affirming the order of the Ohio Liquor Control Commission ("commission"), which denied appellant's application for renewal of its liquor permit due to tax delinquencies.
 {¶ 2} Appellant submitted a 2005-2006 license renewal application for its liquor permit. While the application was pending, appellee received a notice from the Ohio Tax Commissioner indicating that appellant was delinquent in paying final tax assessments. Therefore, on September 20, 2005, the Division of Liquor Control (the "division") issued a tax non-renewal order stating that as of October 1, 2005, the liquor permit at issue was not being renewed due to tax delinquencies. On October 17, 2005, appellant appealed the division's order to the commission. After holding an evidentiary hearing, the commission issued an order on December 20, 2005, which affirmed the division's non-renewal of appellant's requested permit. Appellant appealed the commission's order to the Franklin County Court of Common Pleas pursuant to Ohio Revised Code, Chapter 119. After reviewing the evidence, the trial court found that the commission's order was supported by reliable, probative, and substantial evidence, and affirmed the order of the commission. This appeal followed.
 {¶ 3} On appeal, appellant raises the following single assignment of error:
 THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN AFFIRMING THE ORDER OF THE LIQUOR CONTROL COMMISSION, IN THAT THE ORDER IS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND IS NOT IN ACCORDANCE WITH LAW.
 {¶ 4} The standard of review in this matter is well-established. In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. Huffman v.Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnati v. Conrad
(1980), 63 Ohio St.2d 108, 111.
 {¶ 5} Reliable, probative, and substantial evidence has been defined as follows:
 "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571.
 {¶ 6} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Bd. of Edn. of Rossford Exempted VillageSchool Dist. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v.State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 7} Here, Helen Williams was a 99 percent shareholder of the permit premises, and her son James Williams was a 1 percent shareholder. Appellant does not contest that the business "incurred serious tax delinquencies in the 2003-2004 tax years." (Appellant's brief, at 4.) Rather, appellant contends the debt was accumulated when James Williams, not Helen Williams, was operating the permit premises. According to appellant, since the commission'sorder essentially holds Helen Williams as a responsible party, despite the lack of evidence that she was responsible for filing returns and/or making sales tax payments, the commission's order is not in accordance with law. We find no merit to appellant's argument.
 {¶ 8} R.C 4303.271 provides, in pertinent part:
 (D)(2)(a) Except as provided in division (D)(4) of this section, the division of liquor control shall not renew the permit of any permit holder the tax commissioner has identified as being delinquent in filing any sales or withholding tax returns or as being liable for outstanding sales or withholding tax, penalties, or interest as of the first day of the sixth month preceding the month in which the permit expires, or of any permit holder the commissioner has identified as having been assessed by the department on or before the first day of the third month preceding the month in which the permit expires, until the division is notified by the tax commissioner that the delinquency, liability, or assessment has been resolved.
 (D)(2)(b)(i) Within ninety days after the date on which the permit expires, any permit holder whose permit is not renewed under this division may file an appeal with the liquor control commission. The commission shall notify the tax commissioner regarding the filing of any such appeal. During the period in which the appeal is pending, the permit shall not be renewed by the division. The permit shall be reinstated if the permit holder and the tax commissioner or the attorney general demonstrate to the liquor control commission that the commissioner's notification of a delinquency or assessment was in error or that the issue of the delinquency or assessment has been resolved.
 {¶ 9} Pursuant to the above-cited statutes, the Division of Liquor Control is required to reject a renewal application if there are tax delinquencies, and the permit may only be reinstated if the permit holder and the tax commissioner or the attorney general demonstrate to the commission that the notification of delinquency or assessment was in error or has been resolved. Neither scenario is present here. Based upon the undisputed testimony of Charles Tayner, an agent with the Ohio Department of Taxation, and the submitted documentary evidence, it is clear that appellant was delinquent in payment of withholding sales taxes for numerous months in 2003, 2004, and 2005. Thus, the division was required to reject the application for renewal in this case. See, e.g., Krafcik v. Liquor Control Comm., Franklin App. No. 03AP-1152,2004-Ohio-2131; Anita's Lounge, Inc. v. Liquor Control Comm., Franklin App. No. 03AP-822, 2004-Ohio-932.
 {¶ 10} Appellant's argument, that a contrary conclusion should be reached because James, and not Helen, was operating the permit premises at the time, was not raised in the trial court. Not only is the record void of any evidence to support appellant's claims, it is well-settled that an appellant cannot raise constitutional, or other claims of error, for the first time on appeal after failing to brief, or raise such issues in the trial court. McCartney Food Market, Inc. v. Liquor ControlComm. (June 22, 1995), Franklin App. No. 94APE10-1576.
 {¶ 11} Upon review of the record, we find no abuse of discretion on the part of the trial court in finding that the order of the commission, which rejected appellant's application for renewal of its liquor permit, was supported by reliable, probative, and substantial evidence. Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BROWN and FRENCH, JJ., concur.