[Cite as *Yohannes Parkwood, Inc. v. Ohio Liquor Control Comm.*, 2014-Ohio-2736.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Yohannes Parkwood, Inc., | : | |
| Appellant-Appellant, | : | |
| | : | No. 13AP-974 |
| v. | : | (C.P.C. No. 13CV-3860) |
| Ohio Liquor Control Commission, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on June 24, 2014

*Law Offices of Marcell Rose Anthony, LLC,* and *Marcell Rose Anthony,* for appellant.

*Michael DeWine,* Attorney General, and *Charles E. Febus,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Appellant-appellant, Yohannes Parkwood, Inc. ("Yohannes"), appeals from a judgment of the Franklin County Court of Common Pleas, affirming the order of appellee-appellee, the Ohio Liquor Control Commission ("commission"), that affirmed a tax non-renewal order of the Ohio Department of Commerce, Division of Liquor Control ("division"), ordering that Yohannes' liquor permit not be renewed. Because the trial court abused its discretion, and the commission's order is not in accordance with law, we reverse the order and remand the case with instructions.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2} On January 7, 2013, the division mailed Yohannes, the owner of a small carry-out store, a tax non-renewal order. The order informed Yohannes that its 2013-2014 renewal application would not be issued, because the division had received notice from

the Ohio Tax Commissioner that Yohannes was liable for outstanding sales or withholding tax, penalties, or interest, or that Yohannes had been assessed for unpaid taxes by the tax department.

{¶ 3} Yohannes appealed the division's tax non-renewal order to the commission. The commission scheduled the appeal for a hearing on March 15, 2013.

{¶ 4} At the March 15, 2013 hearing, the first witness called to testify by the division was Becky Cassidy, a business collections supervisor in the Ohio Attorney General's office. Cassidy authenticated exhibit C, which was a commission hearing report stating that the attorney general's records demonstrated that Yohannes had outstanding sales and withholding tax liabilities totaling $147,769.50. Cassidy stated that the $147,769.50 figure came from "an audit provided by the Department of Taxation, certified to us in 2009 for collection." (Tr. 6.) Cassidy indicated that the "original assessment was $135,404.57." (Tr. 7.) The division then called Christine Tufford, an agent of the Ohio Department of Taxation, to testify. The attorney representing the division asked Tufford how much Yohannes owed on this claim, and Tufford responded that Yohannes was "current, paid through and current with us, so we are making a recommendation for renewal." (Tr. 8.) The remainder of the hearing consisted predominantly of a conversation between the attorney representing the division and the attorney representing Yohannes. The attorneys discussed an alleged settlement agreement between the attorney general's office and Yohannes, who received aid from the Ethiopian Union of Ohio, Inc., to allegedly settle the outstanding tax assessment.

{¶ 5} On March 29, 2013, the commission mailed its order affirming the division's tax non-renewal order to Yohannes. The order stated that "[u]pon consideration of the evidence, the Commission finds that the Permit Holder is delinquent in filing sales or withholding tax returns and/or has outstanding liability for sales or withholding tax, penalties, or interest imposed by law." (Certified Record, 4.) On April 5, 2013, Yohannes appealed the commission's order to the trial court.

{¶ 6} In the trial court, Yohannes filed motions for an evidentiary hearing and to supplement the record. The court denied both motions. Thereafter, the parties filed their respective briefs with the court.

{¶ 7} On October 25, 2013, the trial court issued a decision and judgment entry affirming the commission's March 29, 2013 order. The trial court noted that the appeal was taken pursuant to R.C. 119.12. The court then noted that Yohannes' liquor permit was not renewed pursuant to R.C. 4303.271, "as a consequence of an alleged delinquency in the payment of withholding and sales taxes." (Decision, 2.) The court noted that "[u]pon review of the transcript of the hearing before the Liquor Control Commission it is clear that appellant was delinquent in payment of sales taxes and assessments." (Decision, 2.) The trial court concluded that the commission's order was in accordance with "the express mandate of R.C. 4303.271." (Decision, 3.)

## II.    ASSIGNMENTS OF ERROR

{¶ 8}    Yohannes appeals, assigning the following errors:

> I. Whether the trial court erred by not applying the standard of review for administrative appeals announced in Henley v. Youngstown Bd. of Zoning Appeals, (2000) 90 O. St. 3d 142, 147-8 where the Ohio Supreme Court held that a reviewing court must determine whether the administrative order is "...unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence."

> II. Whether the trial court erred in not granting an evidentiary hearing to accept additional evidence of Mr. Begashaw's testimony regarding settlement and whether the standard should be more than "due process," but rather should be more akin to a corollary administrative appeal evidentiary hearing statute, O.R.C., Section 2506.03.

> III. Whether the trial court erred in not transmitting the supplemental record when it denied Appellant's motion because it confused the Division of Liquor Control, the first step in the administrative process, with the Ohio Liquor Control Commission, Appellee, the second step. Mr. Begashaw testified on settlement at the Division of Liquor Control.

> IV. Whether the trial court erred when it affirmed the decision of the Appellee particularly since the Ohio Department of Taxation testified that Appellant was current in sales tax payments and recommended full renewal of its liquor license

and the OAG testified to a 2009 assessment. O.R.C., Section 4303.271(D)(2)(a) mandated a decision in favor of Appellant.

V. Whether Appellant received "due process" and "equal protection" as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

## III. FIRST ASSIGNMENT OF ERROR - STANDARD OF REVIEW

{¶ 9} Under R.C. 119.12, a common pleas court, in reviewing an order of an administrative agency, must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980). The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Lies v. Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). The common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but "the findings of the agency are by no means conclusive." *Conrad* at 111. The common pleas court conducts a de novo review of questions of law, exercising its independent judgment in determining whether the administrative order is "in accordance with law." *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993).

{¶ 10} An appellate court's review of an administrative decision is more limited than that of a common pleas court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). The appellate court reviews factual issues to determine whether the court of common pleas abused its discretion in determining that the administrative action either was or was not supported by reliable, probative and substantial evidence. *Alternative Residences, Two, Inc. v. Ohio Dept. of Job and Family Servs.*, 10th Dist. No. 04AP-306, 2004-Ohio-6444, ¶ 17. *See also Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983) (" 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."). Absent an abuse of discretion, a court of appeals may not substitute its judgment for that of an administrative

agency or the common pleas court. *Pons* at 621. An appellate court, however, has plenary review of purely legal questions. *Big Bob's, Inc. v. Ohio Liquor Control Comm.,* 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.).

{¶ 11} Yohannes' first assignment of error asserts that the trial court erred by not applying the standard of review for administrative appeals announced in *Henley v. City of Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142 (2000). In *Henley* the court analyzed the proper "standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals." *Id.* at 147. Yohannes concedes that the instant case is an appeal from an order of the commission, "pursuant to O.R.C., Section 119.12." (Appellant's brief, 19.) As *Henley* did not concern an appeal under R.C. 119.12, but rather concerned an appeal under Chapter 2506 of the Revised Code, the standard of review discussed in *Henley* is inapplicable to the instant case. Yohannes' first assignment of error is overruled.

## V.    FOURTH ASSIGNMENT OF ERROR – COMMISSION'S ORDER NOT IN ACCORDANCE WITH LAW

{¶ 12} Yohannes' fourth assignment of error asserts the trial court erred in affirming the commission's March 29, 2013 order, as a representative from the Ohio Department of Taxation testified that Yohannes had satisfied all sales/withholding tax filing requirements, and was eligible for a full renewal. For the reasons that follow, we agree with Yohannes and sustain this assignment of error.

{¶ 13} In its decision affirming the commission's order, the trial court stated that it had reviewed the hearing transcript, and that "[b]ased upon the strong testimony of the representative of the Ohio Department of Taxation and the representative of the Ohio Attorney General's office, it is clear that due to non-payment of assessments and sales tax liabilities, appellant was delinquent to the extent of over $145,000." (Decision, 2.) However, at the hearing before the commission, Tufford, an agent in the liquor group of the sales and use tax division of the Ohio Department of Taxation, testified as follows:

BY MR. RZYMEK:

Q. In regards to Exhibit D, Ms. Tufford, are you familiar with Exhibit D?

A. Uh-huh.

Q. And how much is owed on in regards to this claim?

A. They're current, paid through and current with us, so we are making a recommendation for renewal.

Mr. RZYMEK: Okay. So any objection on Exhibit D being admitted? They are recommending a full renewal.

MS. ANTHONY: A full renewal? Is - -

THE WITNESS: The Department of Taxation is recommending that, yes.

MS. ANTHONY: A full renewal of his liquor permit?

THE WITNESS: Correct, but the Attorney General's office isn't.

(Tr. 8.)

{¶ 14} Exhibit D is a letter from Tufford to the commission through the Ohio Tax Commissioner, Joseph W. Testa. The letter identifies Yohannes Parkwood, Inc., as the permit holder, identifies Yohannes' liquor permit number and vendor's license number, and notes the renewal period of February 2013. The letter then states that "[o]ur records indicate that the above referenced permit holder has now satisfied all Sales/Withholding Tax filing requirements for the above referenced renewal period and is now eligible for **Full Renewal** of the permits." (Emphasis sic.) (State's exhibit D.)

{¶ 15} The foregoing testimony and documentary evidence demonstrate that the department of taxation considered Yohannes current and "paid through" with the department of taxation. (Tr. 8.) The trial court abused its discretion when it ignored Tufford's testimony, as well as exhibit D, and represented in its decision that a representative from the department of taxation testified that Yohannes was delinquent to the extent of over $145,000. The trial court appears to have arbitrarily ignored Tufford's testimony and exhibit D.

{¶ 16} Moreover, in the instant action, Tufford's testimony and exhibit D demonstrate that the commission's order is not in accordance with law. In the January 7, 2013 tax non-renewal order, the division informed Yohannes that "Ohio law provides that your permit shall not be renewed by the Division of Liquor Control until this Division is

notified by the Tax Commissioner that the tax delinquency liability or assessment has been resolved. R.C. 4303.271(D)(2)(A)." R.C. 4303.271(D)(2)(a) provides as follows:

> Except as provided in division (D)(4) of this section, the division of liquor control shall not renew the permit of any permit holder the tax commissioner has identified as being delinquent in filing any sales or withholding tax returns or as being liable for outstanding sales or withholding tax, penalties, or interest as of the first day of the sixth month preceding the month in which the permit expires, or of any permit holder the commissioner has identified as having been assessed by the department on or before the first day of the third month preceding the month in which the permit expires, *until the division is notified by the tax commissioner that the delinquency, liability, or assessment has been resolved.*

(Emphasis added.)

{¶ 17} R.C. 4303.271(D)(2)(a) thus prohibits the division from renewing a permit of any permit holder the tax commissioner has identified as being delinquent, having outstanding tax liability, or as having been assessed by the department, until the tax commissioner notifies the division that the delinquency, liability or assessment has been resolved. *See also* R.C. 4303.27 (liquor permits are only issued for a one-year period). Thus, under R.C. 4303.271(D)(2)(a), notice from the tax commissioner to the division that the delinquency, liability, or assessment has been resolved is conclusive evidence that the tax debt has been extinguished.

{¶ 18} Here, the record contains both testimony from a representative of the department of taxation, and a letter from the department of taxation through the tax commissioner, indicating that Yohannes is paid through and current on its tax debt. Thus, the commission had before it evidence from the tax commissioner that the liability or assessment had been resolved. *Compare Krafcik v. Liquor Control Comm.*, 10th Dist. No. 03AP-1152, 2004-Ohio-2131, ¶ 9 (finding that the commission's order denying the renewal of Krafcik's liquor permit for failure to file tax returns was supported by reliable, probative, and substantial evidence where the record contained testimony from "an employee with the Ohio Department of Taxation, [who] testified that the permit holder had delinquent returns spanning approximately a five-year period").

{¶ 19} Although Cassidy testified before the commission that the $147,769.50 assessment from 2009 remained outstanding, R.C. 4303.271(D)(2)(a) provides that the division shall not renew a liquor permit under that section, until the division receives evidence from the tax commissioner, not the attorney general, that the delinquency, liability, or assessment has been resolved. Tufford's testimony and exhibit D were the only evidence from the tax commissioner before the commission, and that evidence demonstrated that Yohannes was current on its tax liability. Accordingly, the commission's order affirming the tax non-renewal order of the division is not in accordance with R.C. 4303.271(D)(2)(a), and thus not in accordance with law. *See* R.C. 119.12. We further note that, although Yohannes has argued in the trial court and in this court that Tufford's testimony demonstrates that Yohannes is current on its tax liability, the commission has not attempted to address Yohannes' argument regarding Tufford's testimony at any stage of this appeal.

{¶ 20} Based on the foregoing, we sustain Yohannes' fourth assignment of error and reverse the judgment of the Franklin County Court of Common Pleas affirming the order of the commission affirming the division's tax non-renewal order. Pursuant to R.C. 4303.271(D)(2)(a), and in conjunction with Tufford's testimony and exhibit D, the commission erred in not vacating the division's tax non-renewal order. Our ruling on Yohannes' fourth assignment of error has rendered Yohannes' second, third, and fifth assignments of error moot.

## IV.    DISPOSITION

{¶ 21} Having overruled Yohannes' first assignment of error, but having sustained Yohannes' fourth assignment of error, thereby rendering Yohannes' second, third, and fifth assignments of error moot, we reverse the judgment of the Franklin County Court of Common Pleas. The case is remanded to the Franklin County Court of Common Pleas with instructions that the court vacate the commission's March 29, 2013 order, as such order is not in accordance with law, and instruct the commission to enter a new order consistent with this decision and in accordance with law.

*Judgment reversed and case remanded with instructions.*

SADLER, P.J. and LUPER SCHUSTER, J., concur.

_____