**MUSSELMAN, Plaintiff-Appellee, v. McCORMICK, et., Defendants-Appellants.**

Court of Appeals, Second District, Montgomery County

No. 1793. Decided December 15, 1943.

A. K. Meck, Dayton, for plaintiff-appellee.

Lee McCormick, et al., Benjamin Horn, Dayton, for defendants-appellants.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County, Ohio, affirming a judgment of the Municipal Court of the City of Dayton, Ohio, in favor of the plaintiff and against the defendants in an action in forcible detention of premises and ordering restitution of same.

The question presented to the Common Pleas Court and to this Court, is whether or not the trial court erred in any of the particulars asserted in the assignments of error of which there are seven. However, the brief discusses the assignments under one head namely: that the evidence discloses that

"There was no default in the payment of the rent, although it was not paid on the first of the month, for the reason that a custom had been established between the landlord and the tenant over a period of time, whereby defendants had been permitted to pay their rent within several weeks or a month after payment was due, thereby establishing a custom whereby defendants were not in default with the payment of their rent at the time the notice for eviction was served, and the present action instituted.

Plaintiff-appellee has accepted money to apply on rent

from defendants-appellants, since the filing of the appeal, thereby recognizing defendants-appellants as tenants."

Nothing appears supporting the claim that the appellee has accepted money to apply on the rent since the filing of the appeal, and it would not constitute a defense if true, as it is not asserted that the arrearage which was due, and the basis of plaintiff's action, was paid at the time the notice to vacate the premises was serevd, at the time of trial, or subsequent thereto.

The other question presented to the court by appellants' brief was raised substantially by them at the conclusion of plaintiffs' case before the Municipal Judge. The court resolved the facts against this claim of the appellants, and as to this conclusion we could not hold otherwise.

Upon the legal proposition urged as controlling, we find nothing which will support the claim that the plaintiff waived any right to assert her legal action to evict the defendants because she, at times, accepted rent which was past due.

It clearly appears from the record that at the time of the trial and at the time the notice to vacate the premises was served, the defendants were in arrears for the payment of rent. This is admitted by the defendant, McCormick, on the stand, although he testified to facts which it is claimed constitute a tender of back rent then due. However, giving to the testimony its most favorable intendment, it establishes only a conditional tender, in one instance, the condition being that the plaintiff could have her rent if she did not want her premises. The other aspect of the proof was that the wife of the defendant, McCormick, called at the home of the plaintiff with the rental money, but that although the plaintiff was in the house, she was not seen. This, of course, did not establish payment.

Thus, the facts are that there was an arrearage in rent at the time the action was instituted and all proper legal steps were taken by the plaintiff to support her claim of forcible detainer against the defendants and there is an absence of proof which will constitute a waiver on the part of the plaintiff of her rights to assert her legal action to which she resorted.

The action herein involved is at law, has none of the aspects of equity, and even though there are circumstances which would move the court to be favorable in attitude toward the defendants because of their plight, we are without pow-

er, even if so disposed, to abrogate plaintiff's authority to proceed in this action and to have the remedy which the law accords her.

The judgment will be affirmed and cause remanded.

BARNES, P. J. and GEIGER, J. concur.