**PARKS, Plaintiff, v DUNN, et, Defendants.**

Municipal Court, City of Dayton, (Civil Division).

No. 81389.   Decided May 9, 1946.

Carl W. Norman, Dayton, for plaintiff.
Wm. L. Struck, Dayton, for defendant.

**OPINION**

By McBRIDE, J.

This matter was tried and submitted to the Court on the Statement of Claim of the plaintiff, the oral demurrer of the defendants and the oral motion of the plaintiff, both entered at the commencement of the trial, and the evidence. The plaintiff was given leave to amend the Statement of Claim, to the extent shown by the evidence, so as to contain allegations setting forth plaintiff's right and grounds to file this suit under the OPA regulations. Defendant's demurrer based on the failure to include such allegations in the Statement of Claim was overruled, and the case thereupon tried on the merits.

The Court finds from the preponderance of the evidence that plaintiff acquired an undivided half interest in the premises described on about March 16, 1946 and that at that time plaintiff received the rent, previously paid to a former owner, for the period ending on April 7, 1946. It equally appears that the three-day notice to vacate was received by registered mail by the defendants on April 10, 1946, and by the OPA on April 9, 1946. This suit was filed April 15, 1946.

The evidence shows that the defendant made a tender in cash shortly after the 8th of April, 1946, but this the owner denies with equal vigor. The defendant introduced a registered letter purporting to contain the rent, but this letter was returned unopened with the notation that the addressee, the plaintiff herein, had refused to accept it. The plaintiff denies that he refused this letter.

The Court finds that the contract previously existing with the former owner had expired and that there is no evidence that the plaintiff entered into any agreement with his tenants respecting the time and place of payment of the rental. The evidence is clear that there is no testimony that might sustain any express agreement between the parties as to the rental period sued upon. Since only several weeks elapsed since plaintiff acquired the property there is no evidence of prior conduct between these parties upon which the Court would impose any implied agreement. In the absence of agreement,

we are forced to assume that the general law of Ohio applies; that is, in the absence of an agreement; the rent was not payable in advance but on an accrual basis and that it was payable on the premises in question. Knowledge of the residence of the new landlord does not operate as an agreement nor does it place any burden upon a tenant to demand a contract from a reluctant landlord who desires possession for himself.

As affirming the Common Law in Ohio, **Kinkopf v Martoni, 24 OLR, 179** (CP Ct Cuyahoga County) "* * in the absence of a agreement to the contrary, rent is due on the premises * * *." See also **24 Oh Jur. page 1077**. And in the absence of agreement it is payable at the end of the rental period. 126 ALR 558 and 565 et seq.

The Court is acquainted with the case of **Musselman v McCormick, 42 Abstract 536**, decided by our Court of Appeals, in which the Court found nothing to support a waiver of time of payment in a custom of the landlord to accept payments after they were payable. That decision has no application to the facts in issue in the instant case in which no contract has been established between the litigants. Certainly, in view of the Musselman v McCormick case, we cannot force either a custom or a contract between this tenant and former owners upon this tenant and the new owner, the plaintiff in this case. A new landlord is free to enter into any new rental contract, subject only to the maximum restrictions placed upon all parties by the rental regulations of the OPA. The approval by the OPA of a former arrangement restricts the subsequent owners and occupants, but does not and can not deprive them of their right under Ohio law to enter into a new agreement. We find as a matter of fact that no new agreement was entered into in this case.

Therefore, on consideration of this case, the Court finds from evidence and the law for the defendants and against the plaintiff. Since no contract was established by the evidence there was no obligation on the tenant's part to pay the rent in advance and consequently the tenant was not in default and this action cannot be instituted under Section 6 (a) of the rent regulations. The plaintiff does not contend and introduced no evidence which would entitle him to institute the action under other grounds for eviction under the established rental regulations of the OPA.

An entry may be drawn accordingly.