**HORVATH et, Plaintiffs, v. GORMAN, Defendant.**

Municipal Court, Cleveland.

No. A 190338. Decided March 30, 1951.

A. B. Toth, for plaintiffs.
Morris Morgenstern, Cleveland, for defendant.

## OPINION

By DRUCKER, J.

This is an action in Forcible Entry and Detainer with a second cause of action for rent. Plaintiffs in the petition allege that they are the owners of an apartment house at 509 Literary Road, Cleveland, Ohio in which the defendant occupied a suite consisting of four rooms and bath, unfurnished, heat and utilities supplied by the owners, on an oral tenancy, from month to month at a monthly rental of $46.00.

The petition stated that the defendant was in arrears with the rent for the month of December, from December 1st to December 31st, 1950 inclusive and for the month of January from January 1st to January 31st, 1951, inclusive; that "there is due and owing plaintiffs from the defendant for rent of aforesaid premises for the months of December, 1950 and January, 1951 which is payable on the first day of each month in advance, at the rate of $46.00 per month, the total sum of $92.00 for which amount, together with costs, plaintiffs pray judgment."

The evidence adduced was to the effect that there had been a tender of the maximum rent by the defendant for the month of December but that the landlord refused to give the tenant a receipt and thereupon the tenant did not again offer the money due for the rent. There was some evidence to the effect that the tenant had sent a money order to the landlord by mail which the landlord did not return but had advised the tenant that he was not accepting it as rent and that he was holding it merely for evidence.

The court finds nevertheless that the tenant was within his rights to demand a receipt and that he was under no obligations to continue to offer the payment unless the landlord did in fact give him a receipt.

In this connection the court feels that there ought to be some definite expression on what seems to be the confused view as to the effect of a tender of a money order through the mail and the legal effect of such offer by the tenant. The court is of the opinion that the rule laid down by the Area Rent Office to the effect that a tenant need not pay the rent if the landlord refuses to give a receipt for the amount of rent that is offered, is a valid provision and will be recognized by the court. The tenant is under obligations to pay the maximum rent, to make such offer to the landlord and the tenant is not within his legal rights in insisting that the landlord give him credit or deduct any sum from the rent because of any overpayment which had been made by the tenant above the maximum rent. The tenant is protected by the rules

which provide a course of action in those cases where overpayments have been made. The landlord is within his rights to expect the tenant to continue paying the maximum rent regardless of the number of months for which the tenant has paid more than the rent which had been determined as the maximum rent by the Rent Area Office.

In the present case the tenant contended further that it had been his practice to pay the rent after it had accumulated beyond due date and that the landlord had continued to accept the rent when tendered. Because there had been an offer of the rent by the tenant for the months of December and January after the due date of the rent the landlord had refused to accept the rent and filed his action for Forcible Detainer on the ground that the tenant had failed to pay the rent when due. Unless there is a definite agreement and custom the tenant is under no obligation to pay the rent in advance. **Parks v. Dunn, 46 Abs 6,** decided May 8, 1946. The defendant contends that the continued practice of the landlord to accept rent after due date had become a custom and usage and that the failure to pay the rent on the day due had been waived by the landlord. In **Parks v. Dunn, 46 Abs 6,** the court after expressing its approval of the **Musselman v. McCormick, 42 Abs 536** states "we cannot force either a custom or a contract between this tenant and former owners upon this tenant and the new owner, the plaintiff in this case. A new landlord is free to enter into any new rental contract subject only to the maximum restrictions placed upon all parties by the rental regulations of the O. P. A. The approval by the O. P. A. of a former arrangement restricts the subsequent owners and occupants, but does not and can not deprive them of their right under Ohio law to enter into a new agreement. We find as a matter of fact that no new agreement was entered into in this case. **Parks v. Dunn, 46 Abs 6.** This view was entertained by the court even though in **Pillot v. Moss, 72 Oh Ap, 492,** where the court states no acceptance of payment of rent is shown where landlord without cashing them, holds as evidence money orders for such payments.

There have been decisions involving the offer of a money order and the sending of the money order by the tenant to the landlord by mail. In this area the practice had been fostered, encouraged and given impetus by the advice, and counsel of the personnel in the Rent Area Office. Tenants have established the practice as a result of the advice of that office and the court had been confronted on many occasions by the question of whether or not money order sent to

the landlord by the tenant was a good and sufficient tender and whether or not the landlord could maintain his action in Forcible Detainer on the nonpayment of rent on the theory that though he had received the money order and though it was for the amount of rent due he was under no obligations to accept it as payment of rent but that he could hold it purely as evidence without returning it and proceed in his action for nonpayment. This view seems to be in line with the case in Ohio, "A postal money order sent by the tenant to the landlord in payment of rent and received and retained by the landlord without cashing it, where the evidence does not show the money order was being held for evidentiary purposes, and where the tenant was not informed that such money order would not be accepted in payment of the rent and where said money order was not tendered back at the time of trial, is considered as accepted in payment of rent." **Hile v. Besecker, 82 Oh Ap 301,** decided November 12, 1947.

"Where a tenant delivers a money order and the landlord rejects it without a statement that the ground for objection is the medium of payment, the tender is not thereafter open to objection. Such condition constitutes a waiver of legal tender statutes. Acceptance may be implied by operation of law or by estoppel where the landlord retains possession, for more than a reasonable time, of money orders tendered by a tenant even though the tender was made after the rent was due, however following **Pillot v. Moss, 27 Oh Ap 428,** no acceptance of payment of rent is shown where the landlord retains money orders, without cashing them, for use as evidence providing such landlord continually asserted that such money orders would not be and were not accepted as payment and this assertion was communicated to the tenant. In such a case the money order must be introduced in evidence, rejected and tendered back to the tenant. If restitution is granted the money orders become the property of the tenant. Although a money order is not legal tender, if tender of such an order is refused but not on the grounds of the medium then the medium can not later be objected to. The landlord can keep the money orders for evidence purposes but when he exerciss dominion over them he waives the medium and it may be considered a tender." **45 Abs page 555, Wilkie v. Smith** (1946).

"A tender of a money order in payment of rent is equivalent to a tender in lawful money where no objection is made to the medium of payment. Where, on the 29th of a month, a month to month tenant mailed to the landlord a money order in payment for rent for the following month and two

days later—the 31st the landlord gave notice to the tenant to vacate and acknowledged receipt of the money order, stating it was not accepted as rent but it was being held for evidential purposes only, but at the subsequent Forcible and Detainer trial the landlord neither offered it in evidence nor tendered it back to the tenant such money order must be considered as rental for the month for which it was tendered by the tenant." **Schmidt v. Hummell, 81 Oh Ap 167.**

Where plaintiff received a money order sent by defendant in payment of rent and retained such order in her possession until the day of the trial when it was tendered into court and ordered held by the court pending the outcome of the litigation, and plaintiff failed to notify defendant that the order was being held for evidentiary purposes, such tender into court did not constitute a tender to defendant, and the retention of such order under such circumstances amounted to an acceptance of it in payment of rent. **86 Oh Ap 25, 85 N. E. (2d) 401.**

Acceptance may be implied by operation of law or by estoppel where landlord retains possession for more than a reasonable time of money orders tendered by a tenant even though tender was made after rent was due; however, following **Pillot v. Moss, 27 O. O. 428,** no acceptance of payment of rent is shown where landlord retains money orders without cashing them for use as evidence, providing landlord continually asserted that money orders would not be and were not accepted as payment and this assertion was communicated to tenant; in such case, money order must be introduced in evidence, rejected and tendered back to tenant; if restitution is granted, money orders become property of tenant. **45 Abs 555, 68 N. E. (2d) 386.**

Rent accrued and unpaid at the time of sale of rental property is due and payable to grantor in absence of an agreement for payment to grantee. **53 Abs 181, 82 N. E. (2d) 547.**

Where landlord held money order tendered by defendant tenant for rent, and failed to inform tenant that he held it for evidentiary purposes, that it was not accepted as rent, and failed to tender it back to tenant on or before day of trial, such retention constituted an acceptance of rent, a tender of such money order into the court is not a tender to the tenant. **54 Abs 468, 85 N. E. (2d) 401.**

It is conceded that in the absence of any agreement the rent is not payable in advance but on an accrual basis it is payable on the premises. **Park v. Dunn, 46 Abs 6.**

"An express contract regarding the time and payment of the rent may be entered into and payments made and accepted after the date of the express contract but that in

and of itself, those payments may not establish a custom of usage or waiver of date due by the landlord." **Musselman v. McCormick, 42 Abs 536 (1943).**

The landlord has the right to determine the method of payment, the time and the place. The landlord can accept or refuse the money order. The tenant cannot by mailing it or tendering it create an acceptance. The landlord can return it. He can retain and notify the tenant he is not receiving it as rent but he ought not to be permitted to retain it for any unreasonable length of time and then argue it was being kept for evidence and deny that there had been a legal tender. He has a right to accept payments after the due date and after that has been done for a considerable period of time he ought not to be permitted to claim a default of rent on the part of a tenant unless the tenant has been advised that in the future the time of the rent due date will not be waived. It is also conceded that currency which has been made suitable by law for the purposes of a tender in the payment of debts may not specifically include postal money orders although by the Act of Congress, approved July 17, 1862 a postal currency was authorized. This was receivable in payment of all dues to the U. S. less than $5.00. They were not however a legal tender in payment of private debts. The function of the court is not to legislate nor to establish economic principles which are not rooted in reasonable interpretations of our law but to be the barometer of human progress and keep pace with economic and business currents of the day. Our business people have been accustomed to accept money orders as completely satisfactory payments.

Our government agencies are urging that the public use the medium of money orders as a safe method of transmission of monies. The public is induced to rely upon the integrity of our government and the soundness of our treasury in purchasing these money orders. It is not merely an order upon a bank nor an order upon the government but it is the assumption of the government of the obligation to pay. There can be no stronger medium of exchange between the government and its citizens and the citizens themselves. It is a service which the government renders for which payment is made by the citizen. It has become part of the usage and custom of trade. Banks, business houses, merchants have accepted money orders as good and sufficient payment. The public, induced by the appeals of the postal authorities of the United States has accepted this as a medium of exchange. It certainly ought not to be the prerogative of the landlord to refuse to recognize money orders as good and sufficient

offers of the payment of rent. It does not subject them to any inconvenience of transmission of exchange or of deposit. The landlord ought not to be permitted to set up exclusive standards for himself which are not made available to the public, to the merchant and to the tradesman. The tenant has found in the use of money orders a means of assuring himself of its proper transmission and of the possibility of using the receipt as evidence in court to establish the fact that the rent had been offered. To conclude otherwise would be imposing upon the great mass of population an unnecessary hardship. The tenant should have the right to protect the safety of his money by availing himself of the means and methods which his own government provides. Certainly the Post Office authorities do not encourage nor even look with favor upon the sending of cash through the mails. We are not in accord with the conclusion as expressed in the recent case in Ohio but we are convinced that the courts should take cognizance of the moving currents in our business and commercial life and that we should expedite the more readily acceptable means of transmission of funds through the mail.

The tenant ought not to be subjected to the necessity and hardship of seeking out the landlord if he can not be found, nor go to expense in travelling to his home or subject himself to the inconvenience of continued hours of transportation to deliver the rent to the landlord when he can follow the custom of transacting his business with the landlord through the mails and protecting transmission of rent through the agencies to the courtesies extended to him by him own government. Although money orders may not come strictly within the interpretation of legal tender we feel that the court should be realistic, practical and take cognizance of a well established custom and a reasonable and business like procedure.

The court therefore finds that in this case the defendant is not guilty; that there had been a tender of the rent and that the tenant was within his rights to offer the landlord the maximum rent due in the form of a money order which the landlord should have accepted. The tenant can not be said to have been in default because the offer to pay the rent was made by tendering a money order.

The court finds further that custom and usage of accepting rent after date due had been established and that the landlord had waived any legal right of any express contract of accepting payment only upon the date due. There had been a modification of that express contract which had become a recognized custom and practiced usage.