OPINION
{¶ 1} Appellant, B.S. Corporation, appeals from judgments of the Franklin County Court of Common Pleas affirming two orders of appellee, Ohio State Liquor Control Commission ("commission"), that (1) suspended appellant's liquor permit for failure to pay unpaid taxes, and (2) dismissed appellant's appeal from a notice advising appellant its permit was cancelled for failure to timely renew it. Because the common pleas court properly affirmed the commission's order suspending appellant's permit for failure to pay taxes, we affirm. Further, because the common pleas court properly concluded appellant untimely appealed from the notice advising its permit had been cancelled due to non-renewal, we also affirm that aspect of the trial court's judgment.
 Case No. 05AP-470 — Sales Tax Assessment {¶ 2} By notice received on April 6, 2004, appellant was advised that a hearing would be held on May 19, 2004, at 1:30 p.m., to determine whether appellant's liquor permit should be suspended or revoked for failure to pay an excise tax, together with any penalties, in violation of R.C. 4301.25(A)(6). The notice further advised that, if appellant paid the delinquent taxes prior to the scheduled hearing, appellant need not appear for the hearing.
 {¶ 3} According to the record, a hearing was held on May 19, 2004, at 2:48 p.m. An assistant attorney general appeared on behalf of the Department of Taxation Sales Use Tax Division; no one appeared for appellant. At the hearing, Johnny Hatcher, Ohio Department of Taxation, testified that the then current balance of delinquent taxes was $3,796.83, although the documents attached to the notice of hearing indicated a balance of $1,145.79. On the basis of the evidence presented, the commission issued an order of suspension.
 {¶ 4} The order was mailed June 8, 2004, notifying appellant that, because it failed to pay excise taxes in the amount of $1,145.79, an indefinite suspension was effective noon, July 2, 2004. The order further advised that the suspension would remain in effect until the listed sales tax assessments, as well as penalties, were paid in full and the suspension was set aside by order of the commission.
 {¶ 5} By letter dated June 21, 2004, received by the commission on June 22, 2004, appellant's attorney advised that "my Client is willing to pay the Sales Tax Assessment if it will result in the reinstatement of the permit." The letter explained that the attorney appeared for the hearing on May 19, 2004, spoke with Johnny Hatcher, and was informed counsel needed to speak with "Phil" at the commission concerning reinstatement of appellant's license. According to the letter, the attorney telephoned the commission on May 24, 2004 to request reinstatement, but "Becky" advised that the attorney needed to await the commission's order. The letter concluded by stating that "[w]e are now in receipt of the order and are willing and able to pay the assessment for the reinstatement of the permit." At the bottom of the letter are handwritten notations, including one that states: "Cancelled 4/21/03 — No Permit."
 {¶ 6} By notice of appeal filed June 29, 2004, appellant appealed the suspension order to the common pleas court pursuant to R.C. 119.12.
 Case No. 05AP-469 — Cancellation of Permit {¶ 7} On July 15, 2004, the commission received a notice of appeal from appellant relating to a Division of Liquor Control ("division") notice dated February 7, 2003. In the notice, the division advised appellant that "[a]s of the date of this letter the application for the renewal of the captioned permit has not been received by this division. * * * If the renewal application, fee, and 10% penalty fee are not postmarked or received by MARCH4, 2003, YOUR PERMIT WILL BE AUTOMATICALLY CANCELLED, pursuant to Ohio Revised Code Section 4303.271(C). After that date the Division is unable, by law, to reactivate your permit. * * * If you wish to appeal the cancellation of your permit, you may do soafter March 4, 2003 but on or before April 4, 2003, by writing to the Ohio Liquor Control Commission." (Emphasis sic.)
 {¶ 8} In response to appellant's appeal, the division, on August 11, 2004, filed a motion to dismiss. The division asserted the notice of appeal fell outside the mandatory time requirements for a timely perfected appeal under Ohio Adm. Code 4301:1-1-65 and R.C. 4303.271. Appellant responded with a memorandum contra filed August 24, 2004. By order mailed August 25, 2004, the commission granted the motion to dismiss, noting that "the permit holder failed to comply with the requirements for timely perfecting an appeal pursuant to Rule 4301:1-1-65 of the Ohio Administrative Code. The permit holder had until April 4, 2003, to file an appeal or the permit would be cancelled. The appeal was not filed until July 15, 2004, over fifteen (15) months beyond the appeal deadline."
 {¶ 9} By notice of appeal filed September 7, 2004, appellant appealed the dismissal to the common pleas court pursuant to R.C.119.12.
 Common Pleas Court {¶ 10} The cases were consolidated in the common pleas court. On April 12, 2005 the court issued a decision affirming the orders of the commission. In case No. 05AP-470, the court stated "[a]ppellant has not shown that the sales tax assessment at issue in the June 8, 2004 suspension was actually paid. Appellant merely cites a letter stating that it was willing to pay the amount." (Decision and Judgment Entry, at 3.) In case No. 05AP-469, the court found the motion to dismiss for lack of jurisdiction was appropriately granted because the appeal was not timely filed. Although noting the commission did not specifically address the element of "good cause" found in Ohio Adm. Code4301:1-1-65, the court found "[a]ppellant has set forth no facts showing good cause for a fifteen-month delay in filing the appeal." (Decision and Judgment Entry, at 4.) The court also observed that "[a]ppellant has not even shown that the expiration of the permit resulted from an Order of the Division, as the permit simply expired because no application for renewal was filed." Id. Accordingly, the court entered judgment for the commission.
 {¶ 11} Appellant appeals, assigning the following errors:
ASSIGNMENT OF ERROR NO. 1:
THE LIQUOR CONTROL COMMISSION ERRED AS A MATTER OF LAW IN ITS ORDER OF JUNE 8, 2004 IN SUSPENDING THE PERMITS WHERE THE ALLEGED DELINQUENT SALES TAXES WERE TIMELY TENDERED.
ASSIGNMENT OF ERROR NO. 2:
THE LIQUOR CONTROL COMMISSION ERRED AS A MATTER OF LAW IN NOT CONDUCTING A HEARING OR PERMITTING THE APPELLANT TO OFFER EVIDENCE ON THE ISSUE OF WHETHER "GOOD CAUSE" EXISTED FOR ITS APPEAL.
 {¶ 12} Preliminarily, we mention that appellant attempted to place before the common pleas court information appellant did not include in the record before the commission. Appellant, however, did not seek the court's leave to admit additional evidence as part of the appeal in the common pleas court. Even had appellant sought the court's permission, the common pleas court properly would have denied the request, as the record does not suggest the evidence was newly discovered and could not have been discovered with reasonable diligence prior to the hearing. N.R., Inc. v.Ohio Liquor Control Comm. (1996), 113 Ohio App.3d 198, dismissed, appeal not allowed, 77 Ohio St.3d 1490. See, also,Steckler v. Ohio State Bd. of Psychology (1992),83 Ohio App.3d 33. Thus, we consider only the evidence from the commission's record of proceedings.
 {¶ 13} Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Univ. of Cincinnati v.Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also, Andrewsv. Bd. of Liquor Control (1955), 164 Ohio St. 275, 279-280. The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v.Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quotingAndrews, at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Conrad, at 111.
 {¶ 14} By contrast, an appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, rehearing denied, 67 Ohio St.3d 1439. In Pons, the Ohio Supreme Court noted, "[w]hile it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Id. An appellate court does, however, have plenary review of purely legal questions.Steinfels v. Ohio Dept. of Commerce, Div. of Securities (1998),129 Ohio App.3d 800, 803, appeal not allowed (1999),84 Ohio St.3d 1488; McGee v. Ohio State Bd. of Psychology (1993),82 Ohio App.3d 301, 305, citing both Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, paragraph one of the syllabus, and Inre Raymundo (1990), 67 Ohio App.3d 262, 265, jurisdictional motion overruled, 53 Ohio St.3d 718.
 {¶ 15} Appellant's first assignment of error contends the common pleas court erred in affirming the commission's order in case No. 05AP-470 that suspended appellant's D-5 liquor permit for failure to pay the requisite taxes. Appellant asserts it timely tendered the delinquent tax payment, and thus the commission should not have suspended the permit.
 {¶ 16} Although the notification from the commission advised that full tax payment made prior to the scheduled hearing would eliminate the need for appellant to appear at the hearing, appellant did not pay the taxes prior to the hearing. Nor did appellant at any time unconditionally tender the payment to the commission.
 {¶ 17} Instead, the letter from appellant's attorney, dated nearly two weeks subsequent to the commission's order, first asserts appellant's attorney was present at the May 19, 2004 hearing. Contrary to appellant's assertions, the transcript of the hearing shows only an assistant attorney general appeared at the hearing; counsel for appellant did not. Although the letter also declares appellant's readiness to pay the taxes provided the permit will be restored, the record before the commission contains no check, or a copy of one, tendered to the commission. Rather, appellant's brief in the common pleas court has an exhibit attached to it: a check dated June 28, 2004, payable to no one, in the amount of $1,145.79.
 {¶ 18} Moreover, appellant's letter offering the check in payment of the unpaid taxes conditioned payment on the commission's lifting the suspension imposed through its June 8, 2004 order. The commission, however, stated that its order would remain in effect until taxes were paid. Appellant's conditional tender failed to satisfy the commission's required payment of taxes for lifting the suspension. See, e.g., Knowlton Company v.Knowlton (Oct. 24, 1985), Franklin App. No. 84AP-669 (noting that "[a] conditional tender is not sufficient to avoid payment of interest" on an obligation); Musselman v. McCormick (1943), 42 Ohio Law Abs. 536. The common pleas court properly concluded appellant's evidence failed to demonstrate payment that would obviate the need for a suspension.
 {¶ 19} Perhaps more significant, appellant's permit was cancelled for nonrenewal more than a year before the commission's order suspending it effective July 2, 2004. Thus, payment of the taxes would not have regained appellant's permit, as appellant had no permit at the time the commission suspended it.
 {¶ 20} Accordingly, appellant's first assignment is overruled.
 {¶ 21} Appellant's second assignment of error asserts the commission erred in not permitting appellant to offer evidence on the issue of good cause to support its untimely appeal. In a related argument, appellant contends the commission erred in dismissing appellant's appeal before considering appellant's memorandum contra.
 {¶ 22} Pursuant to R.C. 4303.271(C), an application for renewal of a permit shall be filed with the division of liquor control at least 15 days prior to the expiration of an existing permit. The statute nonetheless provides a "grace period," stating that "[a]ny holder of a permit, which has expired through failure to be renewed as provided in this section, shall obtain a renewal of the permit, upon filing an application for renewal with the division, at any time within thirty days from the date of the expired permit." R.C. 4303.271(C). The section further provides that "[a] penalty of ten per cent of the permit fee shall be paid by the permit holder if the application for renewal is not filed at least fifteen days prior to the expiration of the permit."
 {¶ 23} In this case, appellant did not file an application for renewal. Accordingly, the division, by notice dated February 7, 2003, advised that appellant's permit expired at midnight on February 1, 2003. The notice admonished that, if the renewal application fee and a ten percent penalty were not postmarked or received by March 4, 2003, the permit would be automatically cancelled pursuant to R.C. 4303.271(C). The notice specifically warned that, after March 4, 2003, "the Division is unable, by law, to reactivate your permit."
 {¶ 24} The notice further advised that appellant had the right to appeal cancellation of its permit after March 4, 2003, but on or before April 4, 2003. We question whether the opportunity for an appeal exists under these circumstances. Ohio Adm. Code 4301:1-1-65, on which appellant relies, states that an appeal arises when the division refuses to issue, renew, or transfer any permit. Here, the division had no opportunity to refuse, as appellant did not submit an application. Thus, by its very terms, Ohio Adm. Code 4301:1-1-65 appears not to apply. Nevertheless, even if Ohio Adm. Code 4301:1-1-65 permits an appeal in these circumstances, the common pleas court correctly affirmed the commission's order dismissing appellant's appeal.
 {¶ 25} Appellant correctly notes Ohio Adm. Code 4301:1-1-65(B) specifies that the commission shall not hear an appeal filed more than 30 days from the mailing date of the order "except for good cause shown by the appellant." Appellant's notice of appeal sets forth no facts to support its contention that it had good cause to appeal beyond the 30-day period set forth in Ohio Adm. Code4301:1-1-65(B). Appellant's omission arguably is reason in itself to dismiss appellant's appeal. Appellant suggests, however, its memorandum contra sets forth "good cause" for appellant's failure to timely appeal. On that premise, appellant contends the commission, at the least, should have considered appellant's memorandum contra the division's motion to dismiss, or, alternatively, should have held an evidentiary hearing to determine the merits of appellant's "just cause" assertion.
 {¶ 26} Appellant appears to be correct in asserting the commission did not consider appellant's memorandum contra, filed August 24, 2004. The next day the commission issued an order dismissing the appeal, stating the commission reviewed the division's motion to dismiss; it does not mention appellant's memorandum contra. Moreover, the division's time-stamped motion to dismiss bears the handwritten notes indicating "OK to Dismiss * * * 8-24-04." Given those facts, we assume for purposes of addressing appellant's second assignment of error that the commission did not review appellant's memorandum contra.
 {¶ 27} Neither the division in moving to dismiss appellant's appeal, nor the commission in granting the motion, addressed the "good cause" provision of Ohio Adm. Code 4301:1-1-65(B). Ordinarily, we would return the matter to the commission to consider the facts and the memorandum contra under the language of Ohio Adm. Code 4301:1-1-65(B) and determine whether good cause exists. In this case, however, appellant failed as a matter of law to present, not only in its notice of appeal but also in its memorandum contra, a basis for concluding appellant had good cause for its untimely notice of appeal.
 {¶ 28} In its memorandum contra, appellant posited its unpaid taxes as the reason, and thus the "good cause," for its untimely appeal, suggesting it could not appeal its non-renewal until it paid the delinquent taxes. As appellant stated, "[t]he non-renewal has centered on past due sales taxes. A third party purchaser has made installment payments of these taxes and is ready and willing to pay the balance if the permits are renewed. The sum of $1,145.79 * * * has been deposited in the undersigned OLTA Trust Account on June 28, 2004." From the record before us, we are unable to ascertain whether appellant had unpaid taxes pending at the time it received the division's permit renewal notice. Whether it did or did not, good cause for the delayed filing is not shown.
 {¶ 29} Specifically, under "the plain language of R.C.4303.271, a liquor permit must be renewed, at the very latest, within 30 days of the expiration of the prior year's permit, and the division is prohibited from renewing a permit subject to a tax non-renewal notice. There is no exception to the requirement that liquor permits be renewed annually." Anitas Lounge, Inc. v.Ohio Liquor Control Comm., Franklin App. No. 03AP-822,2004-Ohio-932, at ¶ 10, citing Equus I, Inc. v. Liquor ControlComm. (Dec. 6, 2001), Franklin App. No. 01AP-542.
 {¶ 30} Although appellant protests that it could not file an application for renewal of its permit with delinquent taxes pending, Anitas explained that "[t]he language of the statute plainly dictates that permits whose renewal is prevented from going forward due to a tax non-renewal notice lapse by operation of law — specifically, by operation of R.C. 4303.271(C), which prescribes time limitations containing no exceptions. * * * [T]he statute does not confer upon the division the power to hold permits subject of tax non-renewal notices indefinitely for the benefit of delinquent permit holders who choose not to avail themselves of the appropriate appeal process." (Emphasis sic.) Id. at ¶ 11. Thus, even if appellant had unpaid taxes, that fact, while precluding renewal, does not support appellant's delay in filing its notice of appeal. Under the circumstances of this case, appellant would be in no better position to argue reinstatement of its permit after paying the delinquent taxes that it was at the time the permit was cancelled. On the other hand, if no taxes were delinquent, then appellant cannot legitimately suggest that unpaid taxes were the reason for appellant's delay in filing its notice of appeal. Because neither the notice of appeal nor memorandum contra sets forth "good cause" for appellant's untimely appeal, the common pleas court properly affirmed the commission's order dismissing appellant's appeal.
 {¶ 31} Accordingly, appellant's second assignment of error is overruled.
 {¶ 32} Having overruled both of appellant's assignments of error, we affirm the judgments of the trial court.
Judgments affirmed.
Petree and Travis, JJ., concur.