[Cite as *Good Knight Properties, L.L.C. v. Adam*, 2014-Ohio-4109.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Good Knight Properties, LLC

       Appellee

v.

Spencer A. Adam

       Appellant

Court of Appeals No. L-13-1231

Trial Court No. CVG-13-10318

**DECISION AND JUDGMENT**

Decided:  September 19, 2014

* * * * *

Mark A. Davis, for appellee.

Spencer A. Adam, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court, in which the trial court denied a motion for stay of judgment in a forcible entry and detainer action, and a motion for relief from judgment pursuant to Civ.R. 60(B), in which appellant,

Spencer Adam, attempted to challenge an eviction order granted to appellee, Good Knight Properties, LLC. For the following reasons, we hereby affirm the judgment of the trial court.

{¶ 2} Appellant rented an apartment from appellee beginning on May 1, 2013. Appellant paid a $400 deposit and first month's rent of $695 via electronic transfer. Pursuant to the terms of the lease, rent was due and payable on the first of each month. The lease stated that late fees of $50 for the first day and $10 for every day thereafter would apply if rent was not timely paid.

{¶ 3} In addition to his landlord-tenant relationship with appellant, appellee, a law student at the University of Toledo, agreed to work as an intern in the law office of appellant's legal representative, Mark Davis. However, on June 21, 2013, after working only a few weeks, appellant expressed dissatisfaction with the way Davis practiced law, and resigned his position. At that point, the relationship between Davis and appellant took on an adversarial tone. Several days before appellant's July rent was due, appellant stated that he would not pay rent unless Davis would meet him in person and issue a written receipt. When Davis responded that appellant could leave a check or money order in a locked box in his apartment building, appellant refused, citing security issues. The two then exchanged a series of emails, in which Davis agreed to "try" allowing appellant to make an electronic transfer of funds, provided the rent was paid by July 4, 2013. That afternoon, Davis sent appellant an email inquiring about authorization for the

2.

rent payment, to which appellant responded with vulgar comments. Appellant followed the email with a telephone call, during which he continued to use vulgar language.

{¶ 4} The rent remained unpaid until July 5, 2013, when appellant was served with a three-day eviction notice. Appellant responded by sending Davis an email in which he stated, amidst more vulgar language, that he would have paid $695 rent on July 4, however, Davis rejected his offer because it did not include $70 in late fees.

{¶ 5} On July 8, 2013, Davis, acting on behalf of appellee, filed a complaint to evict appellant from the apartment, and to recover damages. Appellant filed an answer on July 15, 2013. A hearing was held on July 19, 2013, before a court magistrate, at which appellant and Davis appeared and testified. Testimony was presented by appellant and Davis in regard to the amount of rent due, and whether or not appellant offered to pay his rent by electronic funds transfer. The parties also testified as to Davis' alleged motive for not wanting to accept the rent in cash, and whether or not appellant was excused from paying rent because Davis refused to meet him in person.

{¶ 6} On August 6, 2013, the magistrate issued a decision, in which he found:

> [Appellant] argued he was uncomfortable making payment in security box at apartment [sic]. [Appellant] argued [Davis] took [payment] in other methods in the past. Lease does not specify where [payments] are to be tendered. [Appellant] is not credible.

{¶ 7} Thereafter, the magistrate found that appellant was in default of the lease, and entered judgment for appellee. The issue of damages was reserved for a separate

3.

proceeding at a later time. The trial court adopted the magistrate's decision on August 7, 2013, and entered a judgment entry ordering a writ of restitution to be issued in appellee's favor.

{¶ 8} Appellant filed objections to the magistrate's decision on August 12, 2013, in which he argued that he escrowed rent with the court and, therefore, the magistrate erred by not dismissing appellee's request for restitution of the property. Appellant further argued that the magistrate's report was "factually flawed" because appellant is legally entitled to a receipt in exchange for rent payments. Finally, appellant argued that the magistrate erroneously found that his testimony was "not credible" on the issues of whether he properly tendered rent, and whether Davis improperly withdrew his agreement to accept payment via electronic transfer. Appellee filed a motion to strike the objections, which appellant opposed on August 22, 2013. On September 3, 2013, appellant filed an amended objection to the magistrate's report, which appellee opposed on September 12, 2013.

{¶ 9} On September 11, 2013, appellant filed an "Emergency Motion for Stay of Execution of Writ and Relief and/or Vacatement [sic] of Judgment" pursuant to Civ.R. 60(B), which was denied that same day. The next day, appellant filed an "Amended Emergency Motion for stay of Execution of Writ and Relief and/or Vacatement [sic] of Judgment."

{¶ 10} In support of his motion, appellant argued that the grounds for relief from judgment are: (1) he timely filed an objection to the magistrate's report pursuant to

4.

Civ.R.53; (2) he spent "substantial sums of money" obtaining a transcript of the hearing before the magistrate; (3) Ohio courts have held that a Civ.R. 60(B) motion may be filed while objections are pending in an action for forcible entry and detainer; (4) appellee's decision to oppose the filing of his 60(B) motion created "the existence of mistake, inadvertence, surprise or excusable neglect;" (5) fraud exists because Davis lied at the hearing; (6) he has "meritorious defenses" to assert in the underlying action; (8) the magistrate erred by finding his testimony at the hearing was not credible; and (9) the motion was filed in a reasonable time.

{¶ 11} On September 13, 2013, the trial court issued a judgment entry in which it denied appellant's amended motion and further stated that "[t]he court will not hear any additional motions or filings." Appellant filed a notice of appeal on October 11, 2013. A motion for a stay of execution of judgment pending appeal was filed and granted on October 25, 2013.

{¶ 12} On appeal, appellant does not set out any formal assignments of error. However, he asserts that the trial court erred by denying his motion for relief from judgment pursuant to Civ.R. 60(B), which we will construe as an assignment of error for purposes of this appeal.

{¶ 13} We note at the outset that the trial court's ruling on a 60(B) motion will not be overturned on appeal absent a finding of abuse of discretion. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 148, 351 N.E.2d 113 (1976). An abuse of

5.

discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate all of the following:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc.*, at paragraph two of the syllabus.

{¶ 15} The relevant grounds for relief set out in Civ.R. 60(B) are:

(1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment.

{¶ 16} Apparently in support of a meritorious defense or claim, appellant makes the following arguments: (1) the trial court erred by finding that the case turned on the credibility of the parties, and concluding that appellant was not credible, (2) the trial court erred by finding that the lease provision requiring appellant to pay late fees is not unconscionable, (3) the trial court erred by finding that it is not unconscionable for

6.

appellee to require appellant to place rent payments in a locked box, or that appellant is legally entitled to a receipt in exchange for payment, and (4) the absence of a receipt should excuse appellant from the obligation to pay rent as a matter of law.

{¶ 17} As to appellant's first argument, it is well-established that the finder of fact, in this case, the magistrate, is in the best position to evaluate and determine the credibility of witnesses. *Columbus v. Body*, 10th Dist. Franklin No. 11AP-609, 2012-Ohio 379, ¶ 9. After reviewing the entire record, we find no reason to overturn the trier of fact's determination that appellant was not credible. Contrary to appellant's assertion, the record does not establish that the trial court decided the issues solely on the basis of appellant's credibility. Appellant's argument to the contrary is without merit.

{¶ 18} As to appellant's second argument, R.C. 5321.14 states that:

(A) If the court as a matter of law finds a rental agreement, or any clause thereof, to have been unconscionable at the time it was made, it may refuse to enforce the rental agreement or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

(B) When it is claimed or appears to the court that the rental agreement, or any clause thereof, may be unconscionable, the parties shall be afforded a reasonable opportunity to present evidence as to its setting, purpose, and effect to aid the court in making the determination.

{¶ 19} "The unconscionability of a disputed agreement between the parties is an appropriate ground for relief from judgment under Civ.R. 60(B)(5)." *Anderson v.*

7.

*Ballard*, 6th Dist. Lucas No. L-10-007, 2010-Ohio-3926, ¶ 27; *Khoshbin v. Khoshbin,* 9th Dist. No. 18237, 1997 WL 626584 (Sept. 24, 1997).  "Whether a particular contract is unconscionable is a question of law subject to de novo review."  *Id.*, citing *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 35-37.

{¶ 20} Unconscionability generally exists in cases

> 'where one party has been misled as to the "basis for the bargain," where a severe imbalance in bargaining power exists, or where specific contractual terms are outrageous.'  *Anderson v. Ballard,* 2010-Ohio-3926, ¶ 31, quoting *Deutsche Bank Natl. Trust Co. v. Pervarski*, 4th Dist. No. 08CA52, 2010-Ohio-785, ¶ 31.  (Citation omitted.)

{¶ 21} It is defined as "an absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party. * * * [It] thus embodies two separate concepts: 1) unfair and unreasonable contract terms, i.e., 'substantive unconscionability,' and 2) individualized circumstance surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., 'procedural unconscionability.  One must allege and prove a quantum of both prongs in order to establish that a particular contract is unconscionable.'"  *Collins v. Click Camera & Video, Inc.*, 86 Ohio App.3d 826, 834, 621 N.E.2d 1294 (2d Dist. 1993), quoting White & Summers, Uniform Commercial Code 219, Section 4-7 (1998).

{¶ 22} In *Anderson*, we stated that a lease provision requiring the tenant to pay $400 before the first of each month, with a $55 late fee imposed if the rent was one day

8.

late, was substantively unconscionable. *Anderson, supra.* However, while the late fee provision in *Anderson* was deemed "substantively unconscionable," no specific finding was made that it was procedurally unconscionable. Further, our decision in that case was not based primarily on the late fee provision, but on the fact that the "lease" in question was really a land contract, not a lease, and the tenant/purchasers "did not understand the nature or terms of the agreements they entered into  * * *." *Id.* at ¶ 46.

{¶ 23} In contrast in this case, appellant, a law student, claims that he unsuccessfully attempted to persuade appellee, an attorney, to alter the terms of the late fee provision before the one-year lease was executed. Even assuming that appellant's claim is relevant, the record contains no credible evidence to support it. Accordingly, after reviewing the record, we find that our decision in *Anderson v.Ballard* is distinguishable on its facts, and the late fee imposed in this case is not procedurally unconscionable as a matter of law. Appellant's argument to the contrary is without merit.

{¶ 24} Finally, appellant argues that, pursuant to *Horvath v. Gorman*, 45 O.O. 26, 98 N.E.2d 447, (Mun. Ct. 1951), he is excused from the obligation to pay rent because appellee refused to give him a written receipt. This argument is misplaced for several reasons.

{¶ 25} First, *Horvath* was not decided by either an Ohio court of appeals or the Ohio Supreme Court and, thus, is not binding authority on this court. Second, in *Horvath*, the issue was whether the landlord was legally required to accept rent in the form of a money order that was mailed to him by the tenant, along with a request for the

9.

landlord to issue a receipt. In contrast, in this case, there was never a timely tender of rent, by money order or otherwise. Appellant attempts to justify this circumstance by blaming it on appellee's unwillingness to meet with him in person and issue a receipt. However, it is undisputed that appellant was given several options by which to pay his rent, i.e., by check, money order or electronic funds transfer, all of which would have given him proof of payment. Nevertheless, appellant did not authorize an electronic payment until after the due date had passed, and late fees were imposed that he was unwilling to pay.

{¶ 26} Appellant's additional argument that this case is similar to those in *Showe Mgmt. Corp. v. Moore,* 5th Dist. Licking No. 08 CA 10, 2009-Ohio-2312, is misplaced. In *Showe,* the appellate court found that a landlord could not evict a tenant for failure to pay her subsidized rent for the previous six months, where the landlord consistently rejected payments that were tendered every month within the grace period established by the lease. The decision in *Showe* had nothing to do with whether a rent receipt should be issued. For these reasons, it is inapplicable in this case.

{¶ 27} This court has reviewed the entire record that was before the trial court and, upon consideration thereof, finds that appellant has not demonstrated the existence of a meritorious defense or claim that justifies relief pursuant to Civ.R. 60(B). We further find that appellant has not established any grounds for relief pursuant to Civ.R. 60(B)(1)-

10.

(5). Accordingly, the trial court did not abuse its discretion by denying appellant's motion for a stay and for relief from judgment. Appellant's assignment of error is not well-taken.

{¶ 28} The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                    _____
JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J. _____
CONCUR.                                           JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.