[Cite as *Good Knight Properties, L.L.C. v. Adam*, 2016-Ohio-33.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Good Knight Properties, LLC

    Appellee

v.

Spencer A. Adam

    Appellant

Court of Appeals Nos. L-14-1250
L-15-1028

Trial Court No. CVG-13-10318

**DECISION AND JUDGMENT**

Decided:  January 8, 2016

\* \* \* \* \*

Mark A. Davis, for appellee.

Spencer A. Adam, pro se.

\* \* \* \* \*

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal from two judgments of the Toledo Municipal Court.  The first appeal is taken from the trial court's denial of a motion for a new trial, filed by appellant, Spencer Adam, on October 17, 2014 (case No. L-14-1250).  The second appeal is taken from the trial court's decision ordering appellant to pay appellee,

Good Knight Properties ("Good Knight"), $7,335.50 in damages pursuant to an eviction action (case No. L-15-1028). The relevant facts in each case, which were consolidated on appeal, are as follows.

**Factual Background in Case No. L-14-1250**

{¶ 2} On August 7, 2013, the Toledo Municipal Court, following a hearing before a magistrate, adopted the magistrate's recommendation and found that appellant defaulted on the terms of a lease between himself and appellee for an apartment in Toledo, Ohio, and granted appellee a writ of restitution evicting appellant from the apartment. The issue of the amount of damages owed by appellant to appellee was reserved for a later proceeding. Appellant filed a timely objection to the magistrate's report, along with a Civ.R. 60(B) motion to vacate the judgment, which the trial court denied on September 13, 2013. Appellant filed a notice of appeal in this court on October 11, 2013. On September 18, 2014, this court affirmed the judgment of the trial court. *Good Knight Properties, LLC v. Adam*, 6th Dist. Lucas No. L-13-1231, 2014-Ohio-4109.

{¶ 3} On October 17, 2014, appellant filed a motion for a new trial pursuant to Civ.R. 59(A). In support of his motion, appellant argued that during the prosecution of the Civ.R. 60(B) appeal, Mark Davis, legal representative for Good Knight, stated in Good Knight's brief that, in an improper ex parte conversation, Davis asked the magistrate for extra security during the trial because appellant had threatened his safety.

2.

Appellant's motion for a new trial was summarily denied on October 21, 2014, and he filed a notice of appeal from that denial on November 19, 2014.

**Factual Background in Case No. L-15-1028**

{¶ 4} On November 19, 2014, appellant filed a motion in the trial court to stay the damages hearing that was scheduled for December 15, 2014. On November 21, 2014, appellant filed a motion in this court to stay the damages hearing pending the outcome of his appeal in case No. L-14-1250. This court granted the request for a stay on December 12, 2014, and that decision was journalized in the trial court on December 16, 2014.

{¶ 5} In spite of our stay, the damages hearing was held as scheduled on December 15, 2014, at which both parties presented testimony as to the circumstances that led up to appellant refusing to pay rent to appellee, and appellee's successful attempt to evict appellant from the apartment. In addition, Davis testified on behalf of appellee that appellant still owed a total of $7,355.50, which was comprised of three months' rent at $695 per month, an initial late fee of $50 and a daily late fee of $10, as well as fees for filing the eviction and for the writ of restitution. On January 12, 2015, the trial court filed a judgment entry in which it ordered appellant to pay appellee $7,355.50 in damages. Appellant filed a notice of appeal from that judgment on February 5, 2015. The two appeals were consolidated on February 13, 2015, into case No. L-14-1250.[1]

---

[1] The three assignments of error presented in case No. L-15-1028 will be renumbered herein as assignments of error Nos. [3], [4] and [5].

3.

## Subsequent Proceedings

{¶ 6} On April 8, 2015, the trial court, acting sua sponte, vacated the January 12, judgment. On April 22, 2015, appellant filed a motion for leave to amend his notice of appeal in case No. L-15-1028 to include the January 12 judgment. That same day, appellant filed a motion to strike his first assignment of error in case No. L-15-1028, herein referred to as assignment of error No. [3], in which he argued that the trial court lacked jurisdiction to hold a damages hearing on December 15, 2014. On December 23, 2015, this court issued a decision in which we denied appellant's motion to amend his notice of appeal; however, we found appellant's request to strike assignment of error No. [3] from his appellate brief in case No. L-15-1028 was well-taken. All preliminary matters having been resolved, this matter is now decisional.

{¶ 7} On appeal, appellant sets forth the following two assignments of error in case No. L-14-1250:

> Assignment of Error No. 1:
>
> The trial court erred in overruling the Appellant's motion for a new trial based on newly discovered evidence that the Appellee engaged in ex parte communication with the magistrate concerning a subject matter that addressed substantive matters or issues on the merits and conferred upon the Appellee a substantive and tactical advantage, and prevented the Appellant from having a fair trial.

4.

Assignment of Error No. 2:

[The] trial court abused its discretion when it denied the motion for a new trial for reasons other than a review of the issues.

{¶ 8} Appellant also sets forth the following assignments of error in case No. L-15-1028:

Assignment of Error No. [3]:

[Stricken from appellant's brief, as set forth above.]

Assignment of Error No. [4]:

The trial court erred when it enforced the liquidated damages provision which granted the Appellee $7,335.50 in damages when actual damages were $1,685 because the damages flowing from the breach were patently estimable, the late fee schedule has no reasonable relationship to the actual damages and its primary object was to coerce performance by punishing nonperformance and it conferred a significant windfall to the Appellee.

Assignment of Error No. [5]:

The trial court erred when it enforced the liquidated damages provision which granted the Appellee $7,335.50 in damages when actual damages were $1,685 because the late fees were unconscionable.

{¶ 9} In his first two assignments of error, appellant asserts that he first became aware of Davis' request for extra security at the evidentiary hearing, when he received

5.

the appellee's brief in case No. L-13-1231. In support, appellant argues that Davis'

alleged ex parte request created the inference that appellant was capable of physical

violence, thereby giving appellant an improper "substantive and tactical advantage with

the trial court by framing the issue prior to the litigation." Appellant further argues that

the alleged ex parte conversation does not fit any of the exceptions to the general rule

prohibiting such communication at a "critical stage of the proceeding, e.g., immediately

prior to trial." These two assignments of error will be considered together.

{¶ 10} Pursuant to Civ.R. 59(A) a motion for a new trial may be granted on any of

the following relevant grounds:

(1) Irregularity in the proceedings of the court, jury, magistrate, or

prevailing party, or any order of the court or magistrate, or abuse of

discretion, by which an aggrieved party was prevented from having a fair

trial;

* * *

(3) Accident or surprise which ordinary prudence could not have

guarded against;

* * *

(6) The judgment is not sustained by the weight of the evidence; * * *

6.

\* \* \*

(8)  Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial \* \* \*.

{¶ 11} As to when appellant first became aware of Davis' request for extra security, the record shows that, during the hearing held on July 19, 2013, the trial court heard testimony from both parties before granting appellee a writ of restitution.  During that hearing, Davis testified as follows:

The second [rent] payment we were in good standing and you [appellant] brought cash in and I accepted that payment.  Then after you [appellant] wrote a series of unprofessional threatening e-mails, that caused me to – basically it burned any bridges between us and caused me to believe that \* \* \* if you [appellant] and I were to meet in person that there would be conflict, and *I actually asked for additional security because I believe that that still is a risk \* \* \**.  (Emphasis added.)

{¶ 12} In addition, regardless of appellant's perceived grounds for seeking a new trial, pursuant to Civ.R. 59(B), the time for serving such a motion "shall be \* \* \* not later than fourteen days after the entry of the judgment."  Pursuant to Civ.R. 6(B), the trial court may not extend the time for filing a Civ.R. 59(B) motion, and the trial court may not consider the merits of such a motion if it is untimely filed.  *See Town & Country*

7.

*Drive-In Shopping Centers Inc. v. Abraham*, 46 Ohio App.2d 262, 267, 348 N.E.2d 741 (10th Dist.1975).

{¶ 13} As set forth above, appellant filed his motion on October 17, 2014, more than one year after the trial court's order was journalized. In addition, it is apparent from the record that appellant could have timely filed his motion since he was given notice of Davis' request for extra security before the appellate briefs were filed in case No. L-13-1231, and well within the time period prescribed by Civ.R. 59(B).

{¶ 14} On consideration of the foregoing, we find that appellant's motion for a new trial was untimely filed. Accordingly, we cannot say that the trial court erred by dismissing the motion for a new trial. Appellant's first and second assignments of error are not well-taken.

{¶ 15} Appellant essentially argues in support of his fourth and fifth assignments of error that the trial court's damage award should be vacated because the late fee provision in the lease was unconscionable and produced an inequitable result. Because these two assignments of error are related, we will consider them together.

{¶ 16} In *Good Knight Properties, LLC v. Adam*, 6th Dist. Lucas No. L-13-1231, 2014-Ohio-4109, this court held that the late fee provision in appellant's lease was not unconscionable. That determination remains the law of the case. *See Zeltig Land Dev. Corp. v. Bainbridge Twp. Bd. of Trustees,* 11th Dist. Geauga No. 92-G-1692, 1993 WL 130106 (Mar. 26, 1993). Accordingly, appellant's fourth and fifth assignments of error are not well-taken.

8.

**{¶ 17}** The judgments of the Toledo Municipal Court are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____
JUDGE

Thomas J. Osowik, J.

_____
Stephen A. Yarbrough, P.J. JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.